EDWARD B. EMERY, PLAINTIFF-RESPONDENT, v. JOSEPH H. FRITCHEY, DEFENDANT-APPELLANT.

Submitted October 27, 1933—Decided January 12, 1934.

For the appellant, *Horace G. Brown.*

For the respondent, *Harry Adler.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment obtained by the respondent in the Supreme Court, Cumberland Circuit, by reason of personal injuries received by him in a collision which occurred at the intersection of two streets in the village of Clarksboro, Gloucester county, between an auto truck operated by the respondent, and an automobile driven by the appellant. The respondent's truck was traveling in an easterly direction on the highway leading from Paulsboro to Jefferson, and the appellant was driving his car in a northerly direction on the road leading from Swedesboro to Woodbury.

The appellant's sole contention is that the trial court erred in refusing to nonsuit and also to direct a verdict for the defendant, and argues that the testimony shows conclusively that the respondent was guilty of contributory negligence, in that he failed to exercise his powers of observation at the intersection, just prior to the accident. We think the evidence as to contributory negligence was susceptible of different inferences, and therefore the question was for the jury (*Garlanger* v. *Burlington County Transit Co.,* 86 *N. J. L.* 359); and conclude that the motions were properly denied. There was evidence from which the jury was entitled to infer and find as a fact, that when the respondent arrived at the intersection

in question, he was driving the truck at a rate of between twelve and fifteen miles an hour, and before attempting to cross the Woodbury road, looked in both directions, and did not observe any car approaching the intersection at that time, and had succeeded in passing over three-quarters of the intersection, when his truck was struck by the appellant's car, with such force that it was turned around so that it faced the opposite direction, and some of its contents were thrown a distance of seventy-five feet. There was also evidence to justify the conclusion that the appellant approached the intersection traveling at a rate of speed between fifty and sixty miles an hour.

The appellant argues, that because of the fact that there was testimony indicating that a person approaching the intersection and looking to the right, could see for a greater distance than that testified to by the respondent, the court should have directed a verdict, because the respondent had failed to effectively use his vision at the intersection. The fact still remains that the respondent testified that he looked in both directions, and that so far as he could see, everything was clear; and this court has held, that the mere failure to observe an automobile approaching an intersection, but at a considerable distance away therefrom, does not, as a matter of law, render one who starts to cross the intersection in such a situation, guilty of contributory negligence. *Thomas* v. *Metzendorf,* 101 *N. J. L.* 346. When a case involves a controverted question of fact, in which the evidence is conflicting, and out of the conflict may be gathered sufficient evidence to support a verdict for either party, which is the situation in the present case, the issue of fact should be left to the jury, and the court should not direct. The fact that a different conclusion than that arrived at by the jury could be drawn from the testimony, does not warrant this court in disturbing the verdict.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD. PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   16.

*For reversal*—None.